IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2019

**STEVEN PADGETT KING v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**No. 40300049        Jill Bartee Ayers, Judge**

_____

**No. M2018-00652-CCA-R3-PC**

_____

Petitioner, Steven Padgett King, appeals the dismissal of his petition for post-conviction relief, in which he sought application of the rule announced in *Ward v. State*, 315 S.W.3d 461 (Tenn. 2010). We reverse the judgment of the post-conviction court and remand to the post-conviction court for a new evidentiary hearing to determine whether Petitioner is entitled to relief pursuant to *Ward*.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Reversed and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Steven Padgett King.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur Beiber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural history*

On January 15, 2004, Petitioner pleaded guilty to especially aggravated kidnapping and aggravated rape and received an effective 40-year sentence. During the guilty plea colloquy, the trial court did not inform Defendant that he would be subject to lifetime community supervision as to the aggravated rape conviction. The judgment form did not reflect that Defendant was sentenced to lifetime community supervision.

In May, 2015, Petitioner filed a *pro se* motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. Relying upon the Tennessee Supreme Court's decision in *Ward v. State*, 315 S.W.3d 461, 476 (Tenn. 2010), Petitioner alleged that he did not agree to be sentenced to lifetime community supervision. Following a hearing on August 19, 2016, the trial court dismissed Petitioner's Rule 36.1 motion on the basis that the holding in *Ward* did not apply retroactively, as decided in *Bush v. State*, 428 S.W.3d 1 (Tenn. 2014). The trial court entered amended judgments to reflect the statutory requirement of lifetime community supervision. Petitioner did not appeal from the trial court's dismissal of his Rule 36.1 motion.

Petitioner subsequently filed a *pro se* petition for post-conviction relief, alleging that "his [p]lea agreement was not knowingly nor intelligently entered because the original judgment has now been amended to include [c]ommunity [s]upervision for life, a punitive element that he did not agree to when he originally accepted his plea in 2004." *Steven Padgett King v. State*, No. M2017-00058-CCA-R3-PC, 2017 WL 3741408, at *1 (Tenn. Crim. App. Aug. 30, 2017), *no perm. app. filed*. The post-conviction court dismissed the petition as untimely, and Petitioner appealed. A panel of this court reversed the post-conviction court's order dismissing the petition as untimely, concluding that the one-year statute of limitations was reset by the entry of the amended judgments. *Id*. We obtained the procedural history of Petitioner's Rule 36.1 proceedings from this opinion. *Steven Padgett King*, 2017 WL 3741408, at *1, n.1.

On remand, Petitioner was appointed post-conviction counsel. The record does not contain an amended post-conviction petition. The post-conviction court conducted a "status hearing," at which Petitioner was the only witness to testify. Petitioner testified that he would be 82 years old when his sentence expired. He testified, "my problem would be how to deal with community supervision for life on a very limited income, if any income, and not be violated and sent back to prison again because I was unable to meet the state's restrictions on me." Petitioner testified that he did not know that community supervision for life would be part of his sentence. He testified, "none of this was ever discussed with me."

In a written order denying relief, the post-conviction court concluded that Petitioner failed to state a colorable claim for relief. The court noted that the "holding in *State v. Bush* [sic] is clear that the *Ward* case is not retroactive and that no previous failure to advise a defendant of community supervision for life as a consequence of a plea will invalidate a prior plea or sentence." The post-conviction court further concluded that "all matters raised in the [post-conviction] petition have already been litigated in the petitioner's prior motion to correct illegal sentence pursuant to Rule 36.1."

*Analysis*

In this appeal, Petitioner contends that his trial counsel was ineffective for failing to inform him of community supervision for life as part of his sentence. The State asserts that this court may not address the deficiency of counsel because Petitioner raises the issue for the first time on appeal.

In his post-conviction petition, Petitioner did not specifically allege that his trial counsel was ineffective for failing to inform him of the community supervision for life portion of his sentence. Petitioner cited *Calvert v. State*, 342 S.W.3d 477 (Tenn. 2011), in which our supreme court held that trial counsel's failure to advise the defendant about the mandatory lifetime community supervision consequence of his guilty plea constituted deficient performance. The court in *Calvert* acknowledged that the effectiveness of counsel is a distinct inquiry:

> We acknowledge that our law provides another avenue for a similarly situated defendant to obtain post-conviction relief. As discussed post, we have already held that a defendant's failure to be informed about the lifetime community supervision sentence renders a guilty plea unknowing and involuntary. *See Ward v. State*, 315 S.W.3d 461, 477 (Tenn. 2010). Therefore, applying *Ward*, a court may alternatively determine that a defendant did not enter a knowing and voluntary plea because legal counsel failed to advise of lifetime community supervision and the trial court failed to cure this omission. In *Ward*, we did not reach the question of ineffective assistance of counsel. *Id.* at 464 n.1, 477.

*Calvert*, 342 S.W.3d at 486, n.12.

In its brief, the State asserts that "[n]either the post-conviction court nor this Court read the petition to raise an ineffective assistance of counsel claim under the Sixth Amendment." However, directly contrary to the State's assertion, the post-conviction court's order states:

> In his petition for post-conviction relief, [Petitioner] argues that he received ineffective assistance of counsel and that his guilty plea to the aggravated rape charge was unknowing and involuntary because he was unaware of the requirements of community supervision for life at the time he entered his plea.

Nevertheless, the post-conviction court dismissed the petition on the basis that Petitioner failed to state a colorable claim for relief. The basis of this ruling was the

Tennessee Supreme Court's holding in *Bush* that its holding in *Ward* does not apply retroactively in post-conviction proceedings. *Bush*, 428 S.W.3d at 5-6.

We note that the record in this case indicates that the post-conviction court interpreted the ruling in *Bush* too broadly by apparently implying it applies to cases other than post-conviction proceedings. To be clear, our supreme court's holding in *Bush* was limited to the statutory limits on retroactive application which are found under Tennessee Code Annotated section 40-30-122 and which are applicable *only* to post-conviction proceedings. Our supreme court stated, "In conclusion, we hold that our decision in *Ward v. State* does not require retroactive application under Tenn. Code Ann. § 40-30-122. Therefore, our *Ward* decision does not toll the post-conviction statute of limitations under Tenn. Code Ann. § 40-30-102(b)(1). Additionally, Mr. Bush does not qualify for due process tolling of the post-conviction statute of limitations." *Bush*, 428 S.W.3d at 23.

In *Bush*, the holding is limited to whether the post-conviction statute of limitations of one year can be tolled by retroactive application of *Ward*. In the case *sub judice*, a panel of this court has already determined that the petition is timely filed. As such, this proceeding is not a retroactive application of *Ward*. Regarding Petitioner's argument that his guilty plea was invalid in light of the holding in *Ward*, Petitioner asserts that his post-conviction challenge to the voluntariness of his guilty plea "is a fresh consideration, not a retroactive attempt to revive [sic] a 2004 plea."

In *Ward*, the petitioner was granted post-conviction relief on the grounds that his plea was not made knowingly, intentionally, and voluntarily because the trial court failed to inform him that his conviction resulted in a mandatory sentence of community supervision for life. *Ward*, 315 S.W.3d at 464. That is the identical situation for which Petitioner seeks relief. The post-conviction court erred by dismissing the petition for failure to state a colorable claim. Accordingly, Petitioner is entitled to relief.

CONCLUSION

Based on the foregoing reasons, the judgment of the post-conviction court is reversed, and the case is remanded for an evidentiary hearing.

_____
THOMAS T. WOODALL, JUDGE